# EXHIBIT #1

Original Court    2nd Copy- Plaintiff    APR 1 4 2025
1st Copy- Defendant    3rd Copy -Return

*all* ✓    0900

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-005221-NZ Hon.Brian R. Sullivan |
|---|---|---|

Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s) Marko Law, PLLC | v | Defendant's name(s), address(es), and telephone no(s). Alexander and Angelas, P.C. |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no
Michael L. Jones 85223
220 W Congress St Fl 4
Detroit, MI 48226-3289

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court and serve a copy on the other party or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 4/9/2025 | Expiration date* 7/9/2025 | Court clerk Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          SUMMONS          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

1

25-005221-NZ FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/9/2025 9:25 AM   Yolanda Payne

## STATE OF MICHIGAN
## WAYNE COUNTY CIRCUIT COURT

MARKO LAW, PLLC,

     Plaintiff,

v.

                               Case No: 25-     -NZ
                               Hon.

ALEXANDER AND ANGELAS P.C.,

     Defendant.

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

### COMPLAINT FOR DECLARATORY ACTION

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Eastern District of Michigan where it was given case number 2:19-cv-13403 and was assigned to Judge Jonathan Grey. The action is no longer pending.

---

Plaintiff MARKO LAW, PLLC. by and through its attorneys at MARKO LAW, PLLC states:

---

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-  -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

## INTRODUCTION

1. This is an action for declaratory relief pursuant to MCR 2.605 and Michigan law to determine the attorney's lien, if any, to Defendant Alexander and Angelas Law Firm following their abrupt withdrawal from representation of Plaintiff before trial. NAP

2. Plaintiff seeks a declaration from this Court regarding the reasonable value of Defendant's legal services, considering that Defendant withdrew from the case before trial, failed to prepare critical aspects of Plaintiff's damages claim, and retained an expert whose testimony was ultimately unfavorable to Plaintiff's case. D

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to MCL 600.601 and MCL 600.605, as the amount in controversy exceeds $25,000. D

4. Venue is proper in Wayne County Circuit Court pursuant to MCL 600.1621, as Defendant conducts business in Wayne County, and a substantial part of the events giving rise to this action occurred in this County. NAD

## PARTIES

5. Plaintiff Marko Law, PLLC is a Michigan law firm engaged in the practice of law within Wayne County, Michigan. A

6. Defendant Alexander and Angelas Law Firm is a Michigan law firm engaged in the practice of law within Oakland County, Michigan. A

2

## FACTUAL BACKGROUND

7. Brian Hyde originally retained Defendant Alexander and Angelas Law Firm to represent him in an underlying civil case of Brian Hyde v Jason Kass, et al. filed in the Eastern District of Michigan, case number 2:19-cv-13403. *A*

8. While incarcerated at the Macomb County Jail, 12 Macomb County deputies dragged Mr. Hyde from his cell, down the hall, strapped him into a restraint chair, bagged his head, and punched, kicked, and tasered Mr. Hyde. *A*

9. Inexplicably, Defendant Alexander and Angelas Law Firm only sued six officers, one of which, Andrew Masakowski, never laid a hand on Mr. Hyde. While other deputies, like Deputy Terry, Deputy Thome and Deputy Cotton, were never sued, despite admitting to using force against Mr. Hyde. Deputy Thome admitted to throwing "multiple closed fist strikes" to Mr. Hyde's torso. *NAD*

10. By the time Mr. Hyde retained Marko Law, the statute of limitations expired to add in the new defendants. *NAD*

11. Defendant Alexander and Angelas Law Firm also brought the incorrect cause of action against Defendants. At the time of the incident, Mr. Hyde was a pretrial detainee and protected under the 14th Amendment, Due Process Clause of the U.S. Constitution. Defendant Alexander and Angelas brought claims under the 4th and 5th Amendment and the 8th Amendment. Luckily, Marko Law amended the complaint and jury instructions prior to trial. *NAD*

*Marko Law, PLLC v. Alexander and Angelas, P.C.*                    Michael L. Jones, Esq.
Case No.: 25-  -NZ                                                  Jon R. Marko, Esq.

12. In litigation, Defendant Alexander and Angelas failed to take key depositions, including the deposition of Deputy Cotton, the first deputy to arrive in the cell at the time of the incident.

13. Michael Gorges' deposition lasted 30 minutes. He failed to intervene but was never named as a Defendant.

14. Defendant took a 15-minute deposition of Michael Shorkey, who had nothing to do with the incident.

14. The use-of-force coordinator, a key deposition in the case, lasted a whopping 50-minutes, which a third of that testimony consisted of Macomb County's defense attorney asking questions of his own client.

15. Unsurprisingly, the court dismissed Mr. Hyde's *Monell* claim against Macomb County.

16. Throughout litigation, Defendant approved Mr. Hyde to borrow a substantial sum of money against his case.

17. The case proceeded to mediation, at which time Kass et. al offered a settlement of $100,000.

18. Mr. Hyde refused to accept the settlement recommendation. Because Mr. Hyde did not agree to settle and elected to go to trial, Defendant withdrew from representation, leaving Hyde without legal counsel.

4

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-   -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

19. Mr. Hyde subsequently retained Marko Law, which assumed representation and great risk. Marko Law successfully took the case to trial, securing a verdict against Kass et. al. Without a verdict, neither party would be entitled to attorney fees. *A*

20. Upon being retained, Marko Law Immediately filed an amended witness list to include treating providers and expert witnesses to properly establish Hyde's damages, as Defendant had failed to prepare the damages aspect of the case. The court denied Mr. Hyde's request as untimely because Defendant missed the expert disclosure deadline. *NAO*

21. Additionally, Defendant had retained a use of force expert whose testimony was largely unfavorable to Hyde's case. The expert's testimony was nearly excluded, but Marko Law intervened to ensure it was not stricken from the case. However, the expert ultimately charged nearly $10,000 for his work, and Marko Law had to pay his expenses. His testimony was primarily relied upon by the defense at trial. *D*

22. After Defendant withdrew from the case, a status conference was held before Judge Leitman in the United States District Court for the Eastern District of Michigan. At that time, Judge Leitman stated that Plaintiff should accept the $100,000 settlement offer and noted that Plaintiff had "barely survived summary judgment" and was unlikely to prevail at trial. The case was subsequently transferred to Judge Grey. *NAD*

23. Contrary to this prediction, Marko Law proceeded to trial and secured a verdict in favor of Hyde. Marko Law promptly filed a motion for attorney fees. *A*

24. Following trial, Judge Grey issued an opinion and order awarding attorney fees.  *A*

5

25. Despite withdrawing from the case and failing to properly prepare key aspects of Plaintiff's claims, Defendant now seeks an excessive amount in attorney fees, which Plaintiff contends is unreasonable and unjustified.

## COUNT I
## DECLARATORY JUDGMENT
### MCR 2.605

26. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27. An actual controversy exists between the parties regarding the reasonable amount of attorney fees owed, if any, to Defendant following its withdrawal from representation.

28. Under Michigan law, an attorney who withdraws from representation or is discharged is only entitled to fees on a quantum meruit basis, which considers the nature and extent of work performed and whether the attorney's withdrawal was justified.

29. Defendant failed to obtain a favorable settlement, withdrew when Plaintiff declined to accept a mediator's recommendation, and left critical aspects of the case unprepared, requiring significant corrective work by successor counsel.

30. Defendant's services were incomplete and of limited value to Plaintiff's ultimate success at trial. Marko Law was forced to amend the witness list to include key treating physicians and experts, rectify deficiencies in the damages presentation, and mitigate the negative impact of Defendant's retained expert.

6

Marko Law, PLLC v. Alexander and Angelas, P.C.
Case No.: 25-    -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

31. Plaintiff seeks a declaratory judgment from this Court establishing the reasonable amount of attorney fees owed to Defendant and preventing Defendant from asserting an excessive lien. *N R.*

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and provide the following relief:

A. A declaration that Defendant's attorney lien is extinguished because it withdrew without good cause and mishandled the case;

B. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

Dated: April 9, 2025

7

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-  -NZ

Michael L. Jones, Esq.
Jon R. Marko. Esq.

Page 7 of 7

25-005221-NZ FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  4/9/2025 9:25 AM  Yolanda Payne

## STATE OF MICHIGAN
## WAYNE COUNTY CIRCUIT COURT

MARKO LAW, PLLC,

    Plaintiff,

v.

                                        Case No: 25-    -NZ
                                          Hon.

ALEXANDER AND ANGELAS P.C.,

    Defendant.

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

## <u>DEMAND FOR TRIAL BY JURY</u>

    NOW COMES Plaintiff, MARKO LAW, PLLC, by and through their attorneys,

MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

                                    Respectfully submitted,

                                      */s/ Michael L. Jones*
                                      Michael L. Jones (P85223)
                                      **MARKO LAW, PLLC**
                                      220 W Congress, 4th Floor
                                      Detroit, MI 48226
                                      Ph: (313) 777-7529 / F: (313) 470-2011
                                      michael@markolaw.com

Dated: April 9, 2025

---

*Marko Law, PLLC v. Alexander and Angelas, P.C.*                    Michael L. Jones, Esq.
Case No.: 25-  -NZ                                     Jon R. Marko, Esq.

Page 1 of 1

## STATE OF MICHIGAN
## WAYNE COUNTY CIRCUIT COURT

MARKO LAW, PLLC,

    Plaintiff,

v.

                                        Case No: 25-005221-NZ
                                          Hon. Brian R. Sullivan

ALEXANDER AND ANGELAS P.C.,

    Defendant.

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

## PLAINTIFF'S INITIAL DISCLOSURES

NOW COMES the Plaintiff, **MARKO LAW, PLLC**, and hereby makes the following

initial disclosures as required by Michigan Court Rule 2.302(A):

1.      Plaintiff bases these disclosures solely upon the information that Plaintiff has

discovered and identified to date.

2.      See Plaintiff's Complaint for further information on the facts and law relevant

to this matter.

3.      Plaintiff reserves the right to supplement or change these disclosures and relies

on the documents produced through subpoenas during discovery.

---

1

*Marko Law, PLLC v. Alexander and Angelas, P.C.*                                Michael L. Jones, Esq.
Case No.: 25-  -NZ                                             Jon R. Marko, Esq.

Page 1 of 6

4. Plaintiff does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Plaintiff's initial disclosures are further made without waiving in any way:

  a. The right to object to the use of any such information for any purpose in this action or in any other proceeding or action; or

  b. The right to object on any grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## INITIAL DISCLOSURES

### I. Factual Basis of Plaintiff's Claim

On November 18, 2012, Brian Hyde filed a complaint alleging Defendants Jason Kass, Deputy Nikita Petrovskiy, Deputy Jonathan Dominka, Deputy Bartosz Nowak, and Deputy Matthew Luckino used excessive force in violation of Hyde's Fourth, Fifth, and Eigth Amendment rights and failed to intervene in violation of 42 U.S.C. § 1983. Hyde also alleged state law claims of intentional infliction of emotional distress and battery. Defendant Alexander and Angelas, P.C. represented Hyde at the time the complaint was filed.

Hyde was arrested on a warrant in June 2018. On July 14, 2018, Hyde was incarcerated in the Macomb County Jail, where the deputies restrained him in a chair. Despite 12 officers being involved in the incident, Defendant Alexander and Angelas, P.C. only named five officers. Defendant's failure to name all parties greatly affected the verdict. In addition, Hyde was a pre-trial detainee at the time. Therefore, Defendant Alexander and Angelas, P.C. did not properly allege the correct causes of action. Despite Defendant's failure, Marko Law was able to save the case and secure a verdict at trial.

*Marko Law, PLLC v. Alexander and Angelas, P.C.*    Michael L. Jones, Esq.
Case No.: 25-    -NZ         Jon R. Marko, Esq.

MARKOLAW.COM

620 E. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P (313) 777-7LAW
F (313) 877-4351

MARKO LAW

On March 5, 2024, Plaintiff Marko Law convinced a unanimous jury that Kass, Luckino, and Petrovskiy used excess force against Hyde. The jury awarded Hyde $1.00 in compensatory damages and $20,000 in punitive damages. But for this outcome, neither law firm would be entitled to attorney fees.

On April 8, 2024, Kass, Luckino, and Petrovskiy file da motion for remitter. Marko Law responded to the motion. The court denied Kass, Luckino, and Petrovskiy's motion. On April 11, 2024, Hyde – through Marko Law – filed a motion for attorney fees and costs. The court granted Marko Law's motion and ordered Hyde is entitled to **$131,472** in fees.

Based on Defendant's repeated failures and mistakes, it should not be entitled to any attorney fee in this case.

## II. Legal Theories that Plaintiff's Claims are Based On

Attorney Fees. This is a proceeding to resolve a dispute over a legal fee. The law provides that a person may employ a law firm to perform necessary legal services on behalf of that person and the law firm shall receive reasonable compensation for the legal services. In this case the only issue is to determine reasonable amount of attorney fees.

## III. Individuals Likely to Have Discoverable Information

1. Michael Jones

2. John Alexander

3. Jon Marko

4. Bob Gazall

5. Craig Hilborn

6. James Surowiec

3

Marko Law, PLLC v. Alexander and Angelas, P.C.
Case No.: 25-    -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

7. Kathleen Jozwiak

8. Devynn Stepowski

9. Any and all witnesses who become known through discovery.

10. Rebuttal witnesses, as necessary.

11. Any and all witnesses listed by the Defendant, whether or not called at trial.

12. All persons named in Defendant's and Plaintiff's Answers to Interrogatories.

13. All persons named in depositions.

14. All treating medical personnel of Mr. Hyde

## IV. Documents, Electronically Stored Information, and Tangible Things

1. All documents filed in Case No. 2:19-cv-13404, including the court's Order Denying Defendants' Motion for Remittitur, Granting in Part and Denying in Part Plaintiff's Motion for Attorney Fees and Costs and Denying as Moot Defendants' Motion for Leave to File a Sur-Reply

2. Any and all deposition transcripts.

3. Calendars of any employees of Alexander and Angelas who billed time on Hyde v Kass matter.

4. Any and all billing records for the Hyde v. Kass matter.

5. Records or documents supporting billing rates for Defendant.

6. Any and all contract for legal services in Hyde v. Kass matter.

7. Jury verdicts for each attorney involved in the Hyde v. Kass matter.

8. All documents relating to or reflecting any communication between Defendant and Mr. Hyde.

4

Marko Law, PLLC v. Alexander and Angelas, P.C.
Case No.: 25-    -NZ

Michael L. Jones, Esq.
Jon R. Marko. Esq.

9. All records evidencing any phone calls or messages made between Defendant and Mr. Hyde.

10. All written demands from Defendant to Macomb County, Kass, et al.

11. All written offers from Macomb County, Kass, et al. to Mr. Hyde.

12. All demonstrative exhibits created by Defendant.

13. All communications from Defendant to retain an expert.

14. All communications from Defendant to experts.

## V. A Computation of Each Category of Damages Claimed

Marko Law is entitled to **$131,472** in attorney fees.

## VI. Insurance Documents

N/A/

## VII. Expert Testimony

None anticipated.

Respectfully submitted,

/s/ *Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: 313-470-2011
michael@markolaw.com

Dated: April 11, 2025

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-   -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **April 11, 2025,** via:

☐ U.S. Mail          ☐ Fax
☐ Hand Delivered    ☐ Overnight Carrier
☐ Certified Mail      ☒ Other:  Process Server
☐ ECF System       ☐ Email

*/s/ Devynn Stepowski*

6

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-    -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

## STATE OF MICHIGAN
## WAYNE COUNTY CIRCUIT COURT

MARKO LAW, PLLC,

      Plaintiff,

v.

      Case No: 25-005221-NZ
      Hon. Brian R. Sullivan

ALEXANDER AND ANGELAS P.C.,

      Defendant.

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING DEFENDANT'S BILLING RECORDS

Plaintiff Marko Law, PLLC hereby submits this Request for Production of Documents Regarding Defendant's Billing Records. Defendant is required to answer these discovery requests fully, in writing, and under oath within 28 days of service. These discovery requests are deemed continuing. Defendant is required to supplement its responses to these requests as it is becomes aware of additional or different information than provided herein.

---

*Marko Law, PLLC v. Alexander and Angelas, P.C.*       Michael L. Jones, Esq.
Case No.: 25-  -NZ       Jon R. Marko, Esq.

## INSTRUCTIONS AND DEFINITIONS

A.     If a privilege is asserted as to any matter on which discovery is sought, please state the grounds of the privilege and, if documents are being withheld on the grounds of privilege, produce a "Privilege Log" which states, for each document withheld, (1) the date of the document, (2) all recipients of the document, (3) the custodian of the document, and (4) the general subject of the document.

B.     The term "document" is used in its broadest sense to mean every writing or recording of every type, and means any written, typed, printed, or recorded matter, however produced or reproduced, of any kind and description, including but not limited to any and all writings, emails, correspondence, letters, contracts, proposals, agreements, minute books, papers, records, reports, diaries, statements, calendars, graphs, charts, transcripts, tapes, recordings, photographs, summaries, digests, financial statements, and all other information or data, records of compilations, including all underlying, supporting or preparatory material now in your possession, custody or control, or available to you, your counsel, agents, representatives, or associates kept either in electronic or paper form. The word "document" includes documents kept by individuals in their desks.

C.     "Related to" or "relating to" means directly or indirectly mentioning, describing, pertaining to, or being connected with a given subject matter.

D.     All other words, terms and phrases are to be given their normal meaning.

If you withhold any information or documents on the grounds of an asserted privilege, you are instructed to (a) state this fact; (b) describe the nature of the privilege

2

Marko Law, PLLC v. Alexander and Angelas, P.C.                     Michael L. Jones, Esq.
Case No.: 25-    -NZ                                                                  Jon R. Marko, Esq.

you are asserting; and (c) describe the information by author and recipient in the form of a privilege log, so that its privileged nature will be evidenced.

For all responsive documents that are believed to have been destroyed, please provide a log identifying or describing the document, summarizing its contents, and stating the date on which it was believed to have been destroyed and by whom.

## DOCUMENT REQUESTS

1. All personal work calendars, including physical, hard-copy calendars and/or electronic calendars, of any employees of Alexander and Angelas, P.C. who billed time on the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

2. Any and all "firm-wide" calendars, including physical, hard-copy calendars and/or electronic calendars of any Alexander and Angelas P.C. who billed time on the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

3. Any and all billing records and/or time sheets for the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403, including but not limited to any and all attorneys, paralegals, and/or legal secretaries.

**RESPONSE:**

4. Physical copies of any and all bills and/or invoices related to the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

3

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-  -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

Page 3 of 5

5.     Any and all records and/or documentation to support the Attorney billing rates for the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

6.     Alexander and Angelas P.C.'s entire file related to the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

7.     Proof of payment from Mr. Hyde for any time billed in the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

8.     Any correspondence from Mr. Hyde regarding billing, payments, and invoices in the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

9.     Any and all contracts for legal services in the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403.

**RESPONSE:**

10.     For each attorney billing time in the Hyde v. Kass, et al matter, Case No. 2:19-cv-13403, produce the last ten jury verdicts in which the attorney was involved in trial.

**RESPONSE:**

4

*Marko Law, PLLC v. Alexander and Angelas, P.C.*
Case No.: 25-    -NZ

Michael L. Jones, Esq.
Jon R. Marko, Esq.

Respectfully submitted,


/s/ Michael L. Jones
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

Dated: April 11, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **April 11, 2025**, via:

☐ U.S. Mail
☐ Hand Delivered
☐ Certified Mail
☐ ECF System

☐ Fax
☐ Overnight Carrier
☒ Other:  Process Server
☐ Email

/s/ Devynn Stepowski