UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN PAUL HYDE,

        Plaintiff,

-vs-

ALEXANDER AND ANGELAS, P.C.

        Defendants.

Case No. 25-11178
Hon. Jonathan J.C. Grey

*Removed from:*
Wayne County Circuit Court
Case No. 25-005221-NZ

_____

| | |
|---|---|
| Jonathan R. Marko (P72450) | John T. Alexander (P43789) |
| Michael L. Jones (P85223) | Peter A. Angelas (P41739) |
| **MARKO LAW, PLLC** | **ALEXANDER AND ANGELAS, P.C.** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 220 W. Congress, 4th Floor | 30200 Telegraph Road, Suite 400 |
| Detroit, MI  48226 | Bingham Farms, MI 48025 |
| P: (313) 777-7529 / F: (313) 470-2011 | (248) 290-5600 |
| michael@markolaw.com | peter@alexanderandangelas.com |

_____/

### PLAINTIFF'S MOTION TO SUPPLEMENT AND NOTICE OF ADDITIONAL AUTHORITY SUPPORTING ABSTENTION

NOW COMES Plaintiff, Marko Law, PLLC, by and through its counsel, and pursuant to this Court's inherent authority and Local Rule 7.1, respectfully moves to supplement its pending Motion to Remand (ECF No. 4) with newly issued persuasive authority reinforcing the need for federal court abstention. In support thereof, Plaintiff states as follows:

Page **1**

# TABLE OF CONTENTS

Index of Authorities ................................................................................. 1

Motion ....................................................................................................... 2

Introduction .............................................................................................. 5

Statement of Facts .................................................................................... 5

Argument................................................................................................... 5

      **I.**     **Wilton-Brillhart Abstention Authorizes Federal Courts to Decline Jurisdiction Over Declaratory Actions in Favor of Pending State Proceedings**

     **II.**    **The Wayne County Declaratory Action Involves Exclusively State Law Issues**

    **III.**   **Abstention is Warranted Under *Braid* and Related Doctrine**

    **IV.**   **Remand is Also Proper Under 28 U.S.C. § 1367(c)**

Conclusion ................................................................................................ 8

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## <u>INDEX OF AUTHORITIES</u>

**<u>Cases</u>**

*Braid v. Stilley*, No. 22-2815, __ F.4th __ (7th Cir. July 10, 2025)

2.     On July 10, 2025, the U.S. Court of Appeals for the Seventh Circuit issued its decision in *Braid v. Stilley*, No. 22-2815, __ F.4th __ (7th Cir. July 10, 2025) (attached as Exhibit 1).

3.     In *Braid*, the Seventh Circuit reaffirmed the application of the Wilton-Brillhart abstention doctrine, allowing federal courts to abstain from hearing federal declaratory relief actions when a parallel state court proceeding is ongoing, particularly where state law predominates or provides the more appropriate forum for resolution.

4.     The court emphasized that abstention is appropriate where the state court is already addressing the core dispute, and where federal intervention would create duplicative litigation, disrupt state court adjudication, or improperly insert federal courts into state-law-centered issues.

5.     Plaintiff's declaratory action, originally filed in Wayne County Circuit Court, seeks resolution of a state-law contract and attorney lien dispute arising from prior representation. That court already issued a protective order preserving the disputed funds. This matter turns entirely on Michigan law, and all parties are Michigan citizens.

6.     Federal jurisdiction over this removed action is, at best, supplemental. The state court is already properly situated to resolve the declaratory judgment action—consistent with *Braid*, this Court should abstain and remand to state court.

Page **3**

7.     *Braid* reaffirms the long-standing judicial principle that federal courts "should not interject themselves into parallel state proceedings, particularly where the state forum offers a superior mechanism for adjudication," and where doing so would violate traditional principles of federalism, comity, and judicial economy.

8.     Pursuant to the local rules, concurrence was sought and denied.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

- Accept this motion as a supplement to Plaintiff's Motion to Remand;

- Take judicial notice of the attached *Braid v. Stilley* decision as persuasive authority; and

- Remand this matter to Wayne County Circuit Court under 28 U.S.C. § 1447(c), in accordance with the abstention doctrine articulated in *Wilton v. Seven Falls Co.*, *Brillhart v. Excess Ins. Co.*, and now *Braid v. Stilley*.

Respectfully submitted,

**MARKO LAW, PLLC**

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: July 17, 2025

Page **4**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT AND NOTICE OF ADDITIONAL AUTHORITY**

### INTRODUCTION

Plaintiff Marko Law, PLLC, files this brief in support of its Motion to Supplement and to provide the Court with newly issued persuasive authority directly applicable to the present dispute. Specifically, the Seventh Circuit's July 10, 2025 decision in *Braid v. Stilley*, No. 22-2815, reinforces the Court's discretionary authority to abstain from exercising jurisdiction over declaratory judgment actions under the Wilton-Brillhart abstention doctrine, particularly where, as here, there are parallel state proceedings involving predominantly state-law issues.

### STATEMENT OF FACTS

This case arises from a fee dispute between Plaintiff and Defendant—two Michigan law firms—regarding the proper distribution of attorney fees earned in a civil rights matter. Marko Law initiated a declaratory judgment action in Wayne County Circuit Court, which promptly exercised jurisdiction and issued an order safeguarding the disputed funds. Defendant subsequently removed the action to this Court, attempting to invoke supplemental jurisdiction.

Marko Law filed a Motion to Remand, arguing that this matter belongs in state court and that no independent federal jurisdiction exists. The recent decision

Page **5**

in *Braid v. Stilley* squarely supports Plaintiff's position and underscores that abstention is both proper and prudent under these circumstances.

## ARGUMENT

### I.    Wilton-Brillhart Abstention Authorizes Federal Courts to Decline Jurisdiction Over Declaratory Actions in Favor of Pending State Proceedings

Federal courts possess broad discretion to abstain from hearing declaratory judgment actions where parallel state court proceedings offer an adequate forum. In *Braid v. Stilley*, the Seventh Circuit reaffirmed that federal abstention is appropriate where state courts are already engaged in resolving the underlying legal dispute and the federal action would needlessly duplicate those efforts. See *Braid v. Stilley*, No. 22-2815, slip op. at 15–18 (7th Cir. July 10, 2025) (attached as Exhibit 1).

The court explained that even when jurisdiction technically exists—such as under the interpleader or Declaratory Judgment Act—federal courts may abstain based on "practicality and wise judicial administration." Id. at 18 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). It emphasized that "[w]here a pending state proceeding can adequately resolve the parties' dispute and involves key questions of state law, abstention is not only permissible—it is often preferable." Id.

### II.    The Wayne County Declaratory Action Involves Exclusively State Law Issues

This case is not one that "arises under" federal law. Marko Law's declaratory judgment action involves:

- Michigan's lien statutes and common law governing attorneys' fees;

- Interpretation of Michigan procedural rules (e.g., MCR 2.605);

- No diversity of citizenship (all parties are Michigan residents); and

- No federal question.

Thus, no independent basis for federal subject-matter jurisdiction exists. Defendant removed the case based on supposed supplemental jurisdiction, but the fee dispute is analytically and legally distinct from the now-resolved federal civil rights litigation.

### III. Abstention is Warranted Under *Braid* and Related Doctrine

Like the interpleader claim in *Braid*, this case presents a federal declaratory action that overlaps with a pending state action addressing the same issue. In both cases:

- There is a parallel proceeding in state court;

- The matter turns on novel or complex issues of state law;

- Federal adjudication would create piecemeal litigation; and

Page 7

- The federal court's intervention is not necessary to protect any federal interest.

The Eastern District should follow the guidance of *Braid* and remand the matter so that the Wayne County Circuit Court, which has already taken jurisdiction, can continue adjudicating the dispute without federal interference.

### IV. Remand is Also Proper Under 28 U.S.C. § 1367(c)

Even assuming supplemental jurisdiction exists, 28 U.S.C. § 1367(c)(1)–(4) authorizes remand where:

- The state law claim raises "novel or complex" issues (subsection (1));

- The state claim "substantially predominates" over the federal claims (subsection (2)); or

- There are "exceptional circumstances" and "compelling reasons" to decline jurisdiction (subsection (4)).

Each of those grounds applies here. *Braid* affirms that courts can and should consider all of those § 1367(c) factors when evaluating abstention and remand of discretionary declaratory claims.

### CONCLUSION

Federal abstention under Wilton-Brillhart, as affirmed in *Braid v. Stilley*, applies squarely here. The declaratory dispute over fees belongs in Michigan's courts, and abstention protects judicial economy, comity, and the integrity of the state adjudicative process.

Page **8**

**WHEREFORE**, Plaintiff respectfully requests this Court:

1.  **GRANT** its Motion to Supplement;

2.  **TAKE JUDICIAL NOTICE** of *Braid v. Stilley*, No. 22-2815 (7th Cir. July 10, 2025); and

3.  **REMAND** this matter to the Wayne County Circuit Court.

Respectfully submitted,

**MARKO LAW, PLLC**

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: July 17, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 17, 2025,** via:

☐ U.S. Mail        ☐ Fax
☐ Hand Delivered    ☐ Overnight Carrier
☐ Certified Mail     ☐ Other: Mi-FILE Truefiling
☒ ECF System      ☐ Email

*/s/ Devynn Stepowski*